UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LAMAR MOORE,

    Petitioner,

v.

DEBBIE ASUNCION,

    Respondent.

Case No. 16-cv-06976-WHO (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Kevin Lamar Moore seeks federal habeas relief from his state convictions. The petition for such relief has been reviewed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and has been found to state cognizable claims. Accordingly, respondent shall file an answer or dispositive motion in response to the habeas petition on or before **April 10, 2017**, unless an extension is granted.

## BACKGROUND

According to the petition, in 2013 a Sonoma County Superior Court jury convicted Moore of robbery and assault, consequent to which he was sentenced to 35 years to life in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Moore claims that (1) his constitutional rights were violated when he was tried jointly with a co-defendant; (2) the trial court violated his right to due process by failing to grant his motion for a mistrial and his motion for a new trial; (3) there was insufficient evidence to support his robbery conviction; and (4) his sentence violates the Eighth Amendment. When liberally construed, these claims are cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, on or before April 10, 2017, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the

1  answer is filed.

2      4. In lieu of an answer, respondent may file, on or before April 10, 2017, a motion
3  to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4
4  of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner
5  shall file with the Court and serve on respondent an opposition or statement of non-
6  opposition within thirty (30) days of the date the motion is filed, and respondent shall file
7  with the Court and serve on petitioner a reply within fifteen (15) days of the date any
8  opposition is filed.

9      5. Petitioner is reminded that all communications with the Court must be served on
10 respondent by mailing a true copy of the document to respondent's counsel.

11     6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
12 Court and respondent informed of any change of address and must comply with the
13 Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
14 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15     7. Upon a showing of good cause, requests for a reasonable extension of time will
16 be granted provided they are filed on or before the deadline they seek to extend.

17     8. The Court notes that the filing fee has been paid.

18 **IT IS SO ORDERED.**

19 **Dated:** February 1, 2017

                                                              WILLIAM H. ORRICK
                                                               United States District Judge